IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CURTIS JAMES LANGLOIS,

                Plaintiff,

  v.                                         OPINION and ORDER

C.O. WALSH, SGT. SCHNEIDER,
JANE DOE NURSE, CAPT. ESSER,           23-cv-417-jdp
and HEIDI BROWN,

                Defendants.

---

Plaintiff Curtis James Langlois, appearing pro se, is currently incarcerated at Waupun Correctional Institution. Langlois alleges that when he was incarcerated at Wisconsin Secure Program Facility, prison officials allowed him to posses an inhaler that he used to cut himself. Langlois has made an initial partial payment of the filing fee as previously directed by the court.

The next step is for me to screen Langlois's complaint and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. In doing so, I must accept his allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint for Langlois's failure to state a claim that can be heard in this court, but I will give him a chance to file an amended complaint.

ANALYSIS

Langlois alleges that on August 17, 2022, he used the intercom to tell defendant Sergeant Schneider that he needed his inhaler. Schneider asked where it was, and Langlois told him that it was stored outside his cell with his other medications because he was on a "keep on person" restriction after a previous suicide attempt. Schneider retrieved the inhaler but did not take it away from Langlois after he used it. Staff, including defendants Captain Esser and unit manager Heidi Brown didn't properly update inmates' restriction on a board in the unit. So no one double-checked to take the inhaler back from Langlois. The next day, Langlois broke the inhaler and used it to cut his wrist as an act of self-harm. He needed stitches for the wound.

I take Langlois to be contending that defendants violated the Eighth Amendment by failing to protect him from harming himself. Under the Eighth Amendment, a claim that prison staff failed to prevent a prisoner from harming himself has three elements: (1) there was a strong likelihood that the prisoner would seriously harm himself in the near future; (2) staff knew of that strong likelihood; and (3) staff consciously failed to take reasonable measures to prevent the prisoner from harming himself. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012).

Langlois's allegations do not support a claim under the Eighth Amendment because there is no reason to think that any of the defendants intentionally allowed Langlois to keep the inhaler despite knowing that he might harm himself with it. His allegations might support Wisconsin-law negligence claims, but this federal court generally does not have jurisdiction over state-law claims unless they are related to a federal claim that is pending in the same case, 28 U.S.C. § 1367, or the plaintiff and defendants are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. Langlois doesn't state any federal

2

claims, and this court cannot exercise its diversity jurisdiction because Langlois alleges that he is a Wisconsin citizen and there is no reason to think that each defendant is a citizen of another state.

So as currently constructed, Langlois's complaint does not state a claim for relief that can be considered in this court. But because he appears pro se, I will not dismiss the case outright. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016) ("when a plaintiff—especially a pro se plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend."). It's possible that Langlois could provide more detail that would explain why he thinks that defendants violated his Eighth Amendment rights, so I will give him a chance to file an amended complaint. If Langlois fails to respond to this order, I will conclude that he fails to state a claim upon which relief may be granted, and I will assess him a strike under 28 U.S.C. § 1915(g). *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021) (affirming district court's dismissal, which issued a strike based on plaintiff's failure to state a federal claim, and acknowledging relinquishment of supplemental jurisdiction over negligence claim); *Faust v. Parke*, 114 F.3d 1191, at \*3 (7th Cir. 1997) (counting dismissal as strike where all federal claims were dismissed and where court declined to retain jurisdiction over state-law claim).

Langlois has also filed a motion for the court's assistance in recruiting him counsel, Dkt. 4, which I will deny because he does not need the assistance of counsel to amend his complaint.

ORDER

IT IS ORDERED that:

1. Plaintiff Curtis James Langlois's complaint, Dkt. 1, is DISMISSED.

2. Plaintiff may have until August 17, 2023, to submit an amended complaint.

3. Plaintiff's motion for the court's assistance in recruiting him counsel, Dkt. 4, is DENIED without prejudice.

Entered July 27, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge