IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CURTIS JAMES LANGLOIS,

                    Plaintiff,

v.                                                        OPINION and ORDER

C.O. WALSH, SGT. SCHNEIDER,
JANE DOE NURSE, CAPT. ESSER,                23-cv-417-jdp
and HEIDI BROWN,

                    Defendants.

---

Plaintiff Curtis James Langlois, appearing pro se, is currently incarcerated at Waupun Correctional Institution. Langlois alleges that when he was incarcerated at Wisconsin Secure Program Facility, prison officials allowed him to posses an inhaler that he used to cut himself. I dismissed Langlois's complaint: his allegations did not support an Eighth Amendment claim because there was no reason to think that any of the defendants intentionally allowed him to keep the inhaler despite knowing that he might harm himself with it, and he could not proceed on Wisconsin-law negligence claims without showing that the court could exercise its diversity jurisdiction. Dkt. 8.

Now Langlois has filed an amended complaint, but his new allegations do not fix his pleading problems. He now says that defendant Schneider was present with him in the hospital after a previous suicide attempt two weeks previously, but that isn't enough to show that Schneider or any of the other defendants later intentionally disregarded the risk that Langlois would harm himself with the inhaler that they provided him. At best he shows that they were negligent in allowing him to keep the inhaler in his cell, but this court cannot consider his Wisconsin-law claims because Langlois now alleges that both he and Schneider are Wisconsin

citizens. So I will dismiss this case and direct the clerk of court to record a "strike" under 28 U.S.C. § 1915(g). *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021) (affirming district court's dismissal, which issued a strike based on plaintiff's failure to state a federal claim, and acknowledging relinquishment of supplemental jurisdiction over negligence claim); *Faust v. Parke*, 114 F.3d 1191, at *3 (7th Cir. 1997) (counting dismissal as strike where all federal claims were dismissed and where court declined to retain jurisdiction over state-law claim).

## ORDER

IT IS ORDERED that:

1. This case is DISMISSED for plaintiff's failure to state a claim upon which relief may be granted.

2. The clerk of court is directed to record a strike under 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment accordingly and close this case.

Entered September 26, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge